Yang & Wang, P.C.
Andrew J. Wei SBN: 293787
Tommy SF Wang SBN: 272409
355 S. Grand Ave., Ste. #2450
Los Angeles, CA 90071
Telephone: (888) 827-8880
Fax: (888) 827-8880
Email: twang@yangwanglaw.com, awei@yangwanglaw.com;

Attorneys for Plaintiff
JAT Wheels, Inc.

FILED
CLERK, U.S. DISTRICT COURT

JUL 1 6 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAT Wheels, Inc., a California Corporation d/b/a/ STR Racing, Plaintiff, <br><br> vs. <br><br> Wheel Supply Systems, Inc., a Nevada Corporation; and DOES 1-10, collectively, Defendant. | Case No. CV14- 5512 JFW -AJWx <br><br> **COMPLAINT FOR:** <br> 1. **PATENT INFRINGEMENT [35 U.S.C. 271];** <br> 2. **FEDERAL COPYRIGHT INFRINGEMENT [17 U.S.C. 106];** <br> 3. **CALIFORNIA COMMON LAW UNFAIR COMPETITION; and** <br> 4. **CALIFORNIA UNFAIR COMPETITION (CALIFORNIA BUSINESS & PROFESSIONS CODES §17200, _et seq._]** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, JAT WHEELS, Inc. a California Corporation, dba STR Racing (hereinafter "Plaintiff"), hereby files this Complaint against Defendant Wheel Supply Systems, Inc. (hereinafter "Defendant"), and DOES 1 to 10, and alleges as follows:

## INTRODUCTION

1. Plaintiff files this action to combat the willful sale of unlicensed and counterfeit products (hereinafter "Infringing Products") utilizing the Plaintiff's exclusive design patents, and unauthorized use of Plaintiff's copyrighted photographs.  The Defendant is a corporation specializing in the research, manufacture and sales of aftermarket automobile wheels.

2. Plaintiff seeks a Permanent Injunction, damages, costs, and attorneys' fees as authorized by the Lanham Act, the patent laws of the United States, Title 35, United States Code, California's common law, and California Business & Professions Code.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents).

4. The Court has personal jurisdiction over Defendant since Defendant has committed acts of Design Patent infringement and unfair competition in this district and/or Defendant has sufficient minimum contacts with this district to such that the exercise of jurisdiction over Defendant by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendant has advertised, offered to sell and sold products that infringe Plaintiff's Design Patent rights to consumers

within this judicial district, knowing or having reason to know that consumers, including those within this judicial district, would purchase said goods from Defendant, believing that they were authentic goods produced by and/or associated with Plaintiff or its authorized licensees.

5. Further, this Court has jurisdiction over Plaintiff's California state statutory and common law claims pursuant to 28 U.S.C. § 1367.

6. Supplemental jurisdiction exists over Defendant because on information and belief, Defendant conducts business in California and in this judicial district, has purposefully availed itself to California and in this judicial district, or has otherwise availed itself of the privileges and protections of the law of the State of California, such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

7. Venue is proper within the Central District of California pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and has caused damages to Plaintiff in this district.

## THE PARTIES

8. Plaintiff, JAT WHEELS, INC., dba STR Racing, is a California corporation duly organized and existing under the laws of the State of California, and whose office is located at address 2107-D W. Commonwealth Ave. #392, Alhambra, California 91803.

9. Upon information and belief, Defendant, Wheel Supply Systems, Inc. (hereinafter "Defendant"), is, and at all times mentioned herein was, a

corporation organized and existing under the laws of the State of Nevada, having its principal place of business at 7545 Rosecrans Ave., Paramount, CA 90723.

10. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants herein named DOES 1-10, inclusive are unknown to Plaintiff. Plaintiff therefore sues said Defendants by such fictitious names. When the true names and capacities of said Defendants have been ascertained, Plaintiff will amend this pleading accordingly.

11. Plaintiff further alleges that Defendant and DOES 1-10, inclusive sued herein by fictitious names are jointly, severally and concurrently liable and responsible with the named Defendant upon the causes of action hereinafter set forth.

12. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein Defendant, and DOES 1-10, inclusive, and each of them, were the agents, servants, and employees of every other Defendant and the acts of each Defendant, as alleged herein, were performed within the course and scope of that agency, service or employment.

## FACTS

13. Plaintiff is the owner of all right, title and interest in the U.S. Design Patent Application No. 29,492,155 (the "Design Patent") filed May 29, 2014.

14. In or around June 2014, Plaintiff discovered that Defendant was manufacturing and selling automobile parts on the Internet that infringed on Plaintiff's Design Patent.

15. In or around May 2014, Plaintiff published photographs to its website displaying its aftermarket automobile parts.  Plaintiff owns the copyrights and ownership rights to these photographs.

16. Without Plaintiff's consent, Defendant sporadically, but consistently, used Plaintiff's copyrighted images to promote and sell the Infringing Products on Defendant's website.

17. Defendant's infringing activities have caused damages to Plaintiff by causing customer confusion as to the source of the Design Patent. In addition, Defendant's use of the aforementioned Design Patent has and continues to dilute Plaintiff's goodwill in its products and business that it has invested significant time and resources.

18. On information and belief, Defendant's infringement of one or more of the Plaintiff's Patents is willful and deliberate, therefore entitling Plaintiff to enhanced damages and reasonable attorney fees and costs.

19. On information and belief, Defendant intends to continue their unlawful infringing activity, and Plaintiff continues to and will continue to suffer irreparable harm—for which there is no adequate remedy at law—unless Defendant is enjoined by this Court.

20. As a result of Defendant's unlawful infringement of the Plaintiff's Design Patent, Plaintiff has suffered and will continue to suffer damages. Plaintiff is entitled to recover from Defendant the damages suffered as a result of Defendant's unlawful acts.

## <u>COUNT I- INFRINGEMENT OF THE  DESIGN PATENT</u>

21. Plaintiff repeats and re-alleges, as if set forth herein, the allegations contained in paragraphs 1 through 20.

22. Plaintiff is the owner of all right, title, and interest in the Design Patent, titled "STR513 Wheel Design" duly and properly filed with the U.S. Patent and Trademark Office on May 29, 2014.  A copy of the Design Patent is attached as Exhibit A.

23. Defendants have been and/or are directly infringing and/or inducing infringement of and/or contributory infringing the Design Patent by, among other things, making, using, offering to sell or selling in the United States, or importing into the United States, products that are covered by the design patent, including, by way of example and not limitation, the MST WHEELS MT11 wheel, attached as Exhibit B.

24. Plaintiff is informed and believes, and on that basis alleges, that Defendant's infringement of the Design Patent has been and continues to be intentional, willful, and without regard to Plaintiff's rights. Plaintiff is informed and believes, and on that basis alleges, that Defendant's infringement of the Design Patent is and has been intentional, deliberate, and willful at least because it had knowledge of the Design Patent through direct or indirect communications with Plaintiff and/or as a result of its participation in the aftermarket automobile parts industry.

25. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of the Design Patent.

26. Plaintiff has sustained damages as a direct and proximate result of
Defendant's infringement of the Design Patent.

## COUNT II-FEDERAL COPYRIGHT INFRINGEMENT

27. Plaintiff repeats and re-alleges, as set forth herein, the allegations
contained in paragraphs 1 through 26.

28. Plaintiffs were and are the exclusive holder of all rights, title and interest
in their photographs, as separate and distinct works.

29. Defendant has infringed and is infringing the copyrighted photographs by
unlawfully reproducing and using such photographs in violation of the
United States Copyright Act, 17 U.S.C. 106.

30. Defendant's infringement was and is willful, in bad faith, and executed
with full knowledge of Plaintiff's copyright, and in conscious disregard
for Plaintiff's exclusive rights in the protected work.

31. Defendant's deliberate infringement of Plaintiff's copyrights has greatly
and irreparably damaged Plaintiff.

32. Defendant's production of infringing products and copyrighted material,
and Defendant's wrongful conduct, have deprived and continue to deprive
the Plaintiff of their opportunity of expanding their goodwill.  Plaintiff is
entitled to an injunction restraining Defendant, its officers, agents, and
employees, and all persons acting in concert with it, from engaging in any
further acts in violation of the copyright laws.

33. Plaintiff is further entitled to recover the damages, including attorneys'
fees, they have sustained and will sustain, and any gains, profits, and
advantages obtained by Defendant as a result of Defendant's acts of

infringement alleged above.  At present, the amount of such damages, gains, profits, are in an amount to be determined.

## COUNT III- CALIFORNIA COMMON LAW UNFAIR COMPETITION

34. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 34 and brings the following claim for unfair competition pursuant to California's common law against the Defendant.

35. The Court has jurisdiction over this Cause pursuant to 28 U.S.C. §§ 1367 and 1338(b).

36. By Defendant's acts alleged herein, the Defendant has engaged in unfair competition under the common law of the State of California.

37.  Defendant has distributed and sold Infringing Products utilizing the Design Patent of the Plaintiff in California, thereby creating a false designation of origin of Plaintiff's brand of goods and unfairly competing with Plaintiff's business.

38. Upon information and belief, Defendant has knowingly and willfully misappropriated Plaintiff's Design Patent in an effort to create the impression that the Defendant's counterfeit products are sanctioned by the Plaintiff and to misappropriate the goodwill associated with Plaintiff's Design Patent, entitling Plaintiff to an award of exemplary damages and attorneys' fees.

39. The aforesaid acts of the Defendant have caused damage to Plaintiff, in an amount to be determined.

40. By reason of the acts of the Defendants alleged herein, Plaintiff has suffered, is suffering and will continue to suffer irreparable damage, which damage will continue unless enjoined by Order of this Court.

## COUNT IV- UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE §17200, *et seq.*

41. Plaintiff repeats and re-alleges, as set forth herein, the allegations contained in paragraphs 1 through 49 and brings the following claim for unfair competition pursuant to California Business and Professions Code §17200.

42. The Court has jurisdiction over this Cause pursuant to 26 U.S.C. § 1367.

43. By acts complained of herein, Defendant has engaged in unfair competition under Section 17200 of the Business and Professions Code of the State of California.

44. Defendant's use of the infringing Design Patent complained of herein constitutes deceptive and misleading advertising and is likely to, and is intended to, cause confusion to the purchasers and potential purchasers of the products.

45. Defendant markets, conducts business, and publicly represents that the Plaintiff's Design Patent is associated or connected to the Defendant's business and thus creates a false designation of origin of Plaintiff's brand of goods and services.

46. Upon information and belief, the aforesaid acts of Defendant was undertaken willfully and with the intention of causing confusion, mistake and deception, entitling the Plaintiff to an award of exemplary damages and attorneys' fees.

47. The aforesaid acts of Defendant have caused damage to Plaintiff in an amount to be determined.

48. By reason of the acts of the Defendant alleged herein, Plaintiff has suffered injury in fact and has lost money or property as a result of Defendant's acts of unfair business practices alleged herein, is suffering and will continue to suffer irreparable damage, which irreparable damage will continue unless enjoined by Order of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands entry of a judgment against the Defendant as follows:

1. For a judgment declaring that Defendant has infringed on Plaintiff's Patents.

2. For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement of Plaintiff's Design Patent, together with interest and costs, and in no event less than a reasonable royalty;

3. For a judgment declaring that Defendant's infringement of Plaintiff's Design Patent was willful and deliberate;

4. The Defendant, its officers, agents, servants, employees, attorneys, and all those in active concert or participation with them be enjoined and restrained:

   a. From further using Plaintiff's Design Patents or any other confusingly similar design, in connection with the manufacture, sale, advertisement or promotion of any product or any other similar infringement of Plaintiff's Design Patent rights, for

products not originating from Plaintiff or authorized by Plaintiff; and

  b. From engaging in unfair competition by making and selling its products or otherwise using confusingly similar designs, in such a way as to misrepresent the origin of any of the Defendant's products;

5. For an order requiring Defendant to deliver and be impounded during the pendency of this action all material in Defendant's possession, custody or control that include or incorporate products that infringe Plaintiff's Design Patent rights, including but not limited to, any containers, packages, labels and advertisements in their possession or under their control utilizing Plaintiff's Design Patents, or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof;

6. Directing that the Defendant report to this Court within thirty (30) days after a Permanent Injunction is entered to show its compliance with paragraphs 1 and 2 above;

7. For compensatory damages in an amount to be proven at trial;

8. For all gains, profits and advantages derived by Defendant by its infringement of Plaintiff's Design Patent rights;

9. For punitive damages in an amount sufficient to punish Defendant for its wrongful conduct and to deter others from engaging in similar conduct in the future;

10. For permanent injunction against Defendant, preventing Defendant from any future usage of any identical or similarly confusing designs related to Plaintiff's registered Design Patent;

11. Directing such other relief as the Court may deem appropriate to prevent the trade and public, or individual members thereof, from gaining the erroneous impression that the Plaintiff authorized or approved any products manufactured, sold, or otherwise circulated or promoted by the Defendant or that such products are in any way related to the Plaintiff;

12. For a judgment declaring that this case is exceptional and awarding to the Plaintiff from the Defendant, its expenses, costs, and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

13. That Plaintiff be granted pre-judgment and post-judgment interest in accordance with 35 U.S.C. § 284 on the damages caused to it by reason of Defendants' infringement of the Design Patent, including pre-judgment and post-judgment interest on any enhanced damages or attorneys' fees award;

14. For statutory damages as provided by law;

15. Awarding other such relief to the Plaintiff as this Court deems just.

DATE:  July 15, 2014

BY: _____

Tommy SF Wang
Yang & Wang P.C.

Attorney for Plaintiff
JAT Wheels, Inc.

# EXHIBIT A

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 19153968 |
| **Application Number:** | 29492155 |
| **International Application Number:** | |
| **Confirmation Number:** | 2886 |
| **Title of Invention:** | STR513 Wheel Design |
| **First Named Inventor/Applicant Name:** | Tom Luo |
| **Customer Number:** | 101028 |
| **Filer:** | Elizabeth Yang |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | |
| **Receipt Date:** | 29-MAY-2014 |
| **Filing Date:** | |
| **Time Stamp:** | 03:07:56 |
| **Application Type:** | Design |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment Type | Credit Card |
| Payment was successfully received in RAM | $380 |
| RAM confirmation Number | 12608 |
| Deposit Account | |
| Authorized User | |

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes)/ Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|

| 1 | Application Data Sheet | WebADS.pdf | 99997 | no | 6 |
| | | | 1d3057dd4df71842d9595419e18aa281eeb c0af6 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 2 | Drawings-only black and white line drawings | STR513_v1.pdf | 101925 | no | 4 |
| | | | bfcac86549757cb253e733e6b83c565ab47 ce446 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| 3 | Fee Worksheet (SB06) | fee-info.pdf | 32064 | no | 2 |
| | | | 1fb8019d925a6cd6d59ffa495e66ccc0a481 c142 | | |
| **Warnings:** | | | | | |
| **Information:** | | | | | |
| | | **Total Files Size (in bytes):** | | 233986 | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

1/4



FIG. 1

2/4



FIG. 2



FIG. 3

3/4



FIG. 4



FIG. 5

4/4



FIG. 6



FIG. 7

18

# EXHIBIT B

7/15/2014                    MST MT11 Wheels | MST Performance Alloy W.



- [Home](#)
- [Wheels](#)
- [Gallery](#)
- [About](#)
- [Contact](#)



# MST Wheels MT11

**MSRP: *$119.95 each***

19